UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVELINA CALCANO, ON BEHALF OF HERSELF AND ALL OTHER PERSONS SIMILARLY SITUATED, | : : : : |
| Plaintiff, | : : |
| v. | : Case No.: 1:21-CV-9281 |
| NEW YORK PUZZLE COMPANY, LLC, | : : : |
| Defendant. | : |

## CONSENT DECREE

1.  This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between Plaintiff Evelina Calcano ("Plaintiff") and Defendant New York Puzzle Company LLC ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2.  Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3.  On or about November 9, 2021, Plaintiff filed the above-captioned action in the United States District Court for the Southern District of New York (the "Action"). Plaintiff alleges that Defendant's website, https://www.newyorkpuzzlecompany.com (the "Website"), is not fully accessible to individuals with disabilities in violation of Title III of the ADA, the New York State

1

Human Rights Law (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL").

4. Defendant expressly denies that the Website violates any federal, state, or local law, including the ADA, the NYSHRL, and the NYCHRL, that this Court is a proper venue, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6. This Consent Decree is entered into by Plaintiff, individually, but is intended by the Parties to inure to the benefit of all vision impaired individuals.

## JURISDICTION

7. Plaintiff contends that Defendant's online retail store constitutes a place of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Plaintiff further contends that Defendant's Website is a service, privilege, or advantage of Defendant's online retail store. Defendant denies that the Website is a public accommodation, place of public accommodation, or otherwise subject to Title III of the ADA, the NYSHRL, and/or the NYCHRL.

8. This Court has subject-matter jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181. This Court has supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims under 28 U.S.C. § 1367. The Parties agree that, for purposes of the Action and this Consent Decree, venue is appropriate.

## AGREED RESOLUTION

9. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to

the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

## **DEFINITIONS**

10. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 16 through 19 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty, or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website – as though the Website was a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website – or the primary functions related thereto, or which could result in a loss of revenue or traffic on their Website-related operations.

## **TERM**

12. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) 24 months from the Effective Date; or (b) the date, if any, that Congress, the Department of Justice, or the United States Supreme Court issue a ruling or final regulations (as applicable) adopting a legal standard for website accessibility that is different from the Web Content Accessibility Guidelines (the "WCAG") 2.0.

**GENERAL NONDISCRIMINATION REQUIREMENTS**

13. Pursuant to the terms of this Consent Decree, Defendant:

a. shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b. shall seek to use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c. shall seek to use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

**COMPLIANCE WITH TITLE III OF THE ADA**

14. Defendant shall take appropriate steps as determined to be necessary with the goal of ensuring full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a. Within twelve (12) months of the Effective Date, Defendant shall use Reasonable Efforts to bring the Website (or any successor website) into substantial conformance in reasonable respects with WCAG 2.0 and shall then maintain this level of accessibility throughout the remainder of the 24 month period following the Effective Date. Should Congress, the Department of Justice, or the United States Supreme Court issue a ruling or final regulations (as applicable) adopting a legal standard for website accessibility that is different from the WCAG 2.0, Defendant shall have the option of substantially complying with such legal standard in its sole and absolute discretion.

b. Notwithstanding the foregoing, Third-Party Content (as defined below) on the Website will not be required to meet WCAG 2.0. (The term "Third-Party Content" refers to web content that is not developed or owned by Defendant). The Parties further agree that Defendant can link to Third-Party Websites (as defined below) and shall not be responsible or liable for the state of their accessibility to individuals with disabilities. (The term "Third-Party Websites" refers to websites that are not developed, owned and operated by Defendant). If Defendant's ability to meet the deadline for compliance with this Section 3 is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Defendant's control, the Parties' respective counsel shall meet and confer regarding an extended deadline. If the Parties disagree regarding an extended deadline after the meet-and-confer, either Party will have the right to seek judicial relief.

c. As of the date of this Consent Decree, the Parties agree that the Website is in substantial conformance in reasonable respects with WCAG 2.0.

## SPECIFIC RELIEF TO PLAINTIFF

15. Plaintiff and Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the

Website through a separate agreement (the "Settlement Agreement") which is not incorporated into this Consent Decree.

## PROCEDURES IN THE EVENT OF DISPUTES

16. The procedures set forth in Paragraphs 16 through 19 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

17. If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach. The alleged breaching party must respond to such written notice of breach no later than 60 calendar days thereafter (the "Cure Period"), unless the parties agree to extend the time for response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Consent Decree may seek enforcement of compliance with this Consent Decree from the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

18. Defendant shall not be in breach of this Consent Decree unless: (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially

available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari, and Chrome; and (b) Defendant fails to remedy the issue by seeking to use Reasonable Efforts within a reasonable period of time of not less than 240 days from receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time seeking to use Reasonable Efforts to remedy the items found not to be usable is longer than 240 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Consent Decree or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied by seeking to use Reasonable Efforts, Defendant shall not be obligated to remedy that item.

19.     Any notice or communication required or permitted to be given to the Parties hereunder shall be in writing, provided by electronic mail, facsimile, and/or next-day (excluding Saturday and Sunday) express delivery service and addressed as follows:

For Plaintiff:                           Jeffrey M. Gottlieb, Esq.
                                         Gottlieb & Associates
                                         150 East 18th Street, Suite PHR
                                         New York, New York 1003
                                         Email: jeffrey@gottlieb.legal
                                         Phone: (212) 228-9795

For Defendant:                           John M. Doroghazi, Esq.
                                         Wiggin and Dana LLP
                                         265 Church Street, P.O. Box 1832
                                         New Haven, Connecticut 06508-1832
                                         Email: jdoroghazi@wiggin.com
                                         Phone: (203) 498-4421

## MODIFICATION

20. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

21. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York, without regard to conflicts or choice of law rules or principles, and applicable federal law. Any action to enforce the terms of this Consent Decree shall be filed in this Court only.

22. This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

23. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

24. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree, but it does not bind nonparties.

25. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant, to this Consent Decree.

### **CONSENT DECREE HAS BEEN READ**

26. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

PLAINTIFF EVELINA CALCANO

Dated: Jan. 5, 2022

By: Jeffrey M. Gottlieb, Esq.
Gottlieb & Associates
150 East 18th Street, Suite PHR
New York, New York 1003
Email: jeffrey@gottlieb.legal
Phone: (212) 228-9795
*Her Attorney*

NEW YORK PUZZLE COMPANY, LLC

Dated: Jan. 6, 2022

John M. Doroghazi, Esq.
Wiggin and Dana LLP
265 Church Street, P.O. Box 1832
New Haven, Connecticut 06508-1832
Email: jdoroghazi@wiggin.com
Phone: (203) 498-4421
*Its Attorney*

**SO ORDERED**

Dated: January 7, 2022
        New York, New York

_____
UNITED STATES DISTRICT COURT JUDGE

31095\1\4854-8602-0360.v1